UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENERAL ATOMICS, DIAZYME LABORATORIES DIVISION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS-SHIELD ASA, a Norway corporation,<br><br>Defendants.<br>_____<br>AND ALL CROSS-RELATED ACTIONS. | CASE NO. 3:05-cv-4074 SI<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: The Honorable Susan Illston |

WHEREAS, General Atomics, Diazyme Laboratories Division ("General Atomics"), Axis-Shield ASA ("Axis-Shield") and Carolina Liquid Chemistries Corporation ("Carolina") (General Atomics, Axis-Shield, and Carolina are sometimes collectively referred to as the "Parties" or singly referred to as the "Party") are involved in the above-captioned patent infringement lawsuit;

WHEREAS, the Parties are engaged in a discovery program that involves divulging highly confidential and proprietary information, including information that can be protected as trade secrets, the use of which is also capable of being protected under common law and federal laws relating to unfair competition, tortious interference with business relations, and federal

-1-

patent laws (hereinafter "Confidential Information");

WHEREAS, the Confidential Information specifically includes: (i) research and development information, including, but not limited to, technical specifications for manufacturing assays that measure homocysteine in blood, urine or serum samples (the "Assays"); (ii) highly confidential cost and accounting information regarding the manufacture, marketing, and sale of the Assays; and (iii) highly confidential competitive business planning information, which if disclosed could be used to competitive advantage by Party and non-party competitors of the Parties in this lawsuit;

WHEREAS, the Parties desire to reach an agreement to restrict disclosure of Confidential Information to protect such information and to promote the just, speedy, and inexpensive determination of this case by facilitating discovery; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may be issued by the Court to protect, among other things, trade secrets or other confidential information, for instance to protect one party from gaining an unfair advantage over another party through improper use of such confidential information as prohibited by the laws identified above.

1. The Parties and third parties may designate material or information whether embodied in documents, things, deposition testimony, interrogatory answers, or other materials, as "Confidential" and/or "Attorneys' Eyes Only." The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. (a) As hereinafter used, the term "Confidential Information" when designated by any of the Parties or any non-party means material or information not known to the general public that is produced in this litigation by one Party to another Party or by a non-party that the producing party deems to be confidential or proprietary, including, but not limited to, patent information, business information, technical information, financial information, trade secrets,

-2-

know-how, proprietary data, past and present product descriptions, lab notebooks, or commercial information, and that is designated as Confidential in the manner described in Paragraph 3, 5, or 14 hereof. Confidential information may not be shared by any Party to these proceedings or its counsel with any person who is not a "Qualified Person" as identified in Paragraph 6 hereof.

(b) As hereinafter used, the term "Attorneys' Eyes Only Information," when designated by any of the Parties or any non-party, means material or information not known to the general public that is produced in this litigation by one party to another party or by a non-party that constitutes: (i) financial information regarding the costs and/or pricing of products; (ii) business information regarding the identity of current or prospective customers; and (iii) technical and business information regarding patents, future products, and future product plans. Such information may not be shared by any of the outside counsel to these proceedings with any person who is not a "Qualified Person" as defined in Paragraph 7 hereof.

(c) "Confidential Information" and "Attorneys' Eyes Only Information" includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, in hearing(s) or trial transcripts, in responses to requests for admissions, or is otherwise made available to counsel for either Party in this action. The restriction set forth in this Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, in a manner that is not in violation of this Protective Order; or (b) is acquired from a third party lawfully possessing such information and/or having no obligation with regard to its disclosure.

3. Any document or portion thereof, including any transcripts, exhibits, answers to interrogatories, responses to requests for admissions, or copies thereof, as well as physical objects, recordings or things that a producing party believes to contain Confidential Information shall be so designated by stamping or otherwise applying thereto the designation "Confidential Subject to Protective Order" or "Confidential," in which case the designated document or portion thereof and the information contained therein will be treated in accordance with the terms of this Protective Order, except that all documents and things made available for inspection and copying

-3-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

may be temporarily designated as Confidential Information during a document inspection or deposition and appropriately marked upon reproduction.

4. Any document or portion thereof, including any transcripts, exhibits, answers to interrogatories, responses to requests for admissions, or copies thereof, as well as physical objects, recordings or things that a producing party believes to contain Attorneys' Eyes Only Information shall be so designated by stamping or otherwise applying thereto the designation "Confidential Attorneys' Eyes Only" or "Attorneys' Eyes Only," in which case the designated document or portion thereof and the information contained therein will be treated in accordance with the terms of this Protective Order, except that all documents and things made available for inspection and copying may be temporarily designated as Attorneys' Eyes Only Information during a document inspection or deposition and appropriately marked upon reproduction.

5. All Confidential Information or Attorneys' Eyes Only Information not reduced to documentary, tangible, or physical form or that cannot be conveniently designated pursuant to Paragraphs 3 or 4 shall be designated by the producing party or non-party by informing the requesting party in writing, and thereafter it shall be the responsibility of the requesting party to assure that any further disclosure or use of the information is thereafter limited in accordance with this Order.

6. With respect to all Confidential Information, "Qualified Person" shall mean:

(a) The attorneys of record for the Parties in this lawsuit. Unless otherwise expressly approved through stipulation or order, "attorneys of record" shall include only the law firms of Morrison & Foerster LLP on behalf of General Atomics and Carolina, Robert Meads on behalf of Carolina, and Voss, Cook & Thel LLP and Preston Gates Ellis LLP on behalf of Axis-Shield ASA;

(b) Technical experts, consultants, or testing technicians (hereinafter "Experts"), who are not engaged as an officer, director, employee, member, or principal of any of the Parties, such Experts serving the

-4-

attorneys of record for the purposes of this case who shall have read this Protective Order and who shall have signed the statement in Paragraph 11 hereof;

    (c)    Third parties specifically retained to assist the attorneys of record or a Party in translating, copying, or computer coding, but only for purposes of translating, copying, or computer coding of Confidential Information;

    (d)    The employees, directors, officers, or principals of the Parties ("in-house representatives") to this action, to the extent necessary to further the interests of the Parties in this litigation. The identity of such in-house representatives shall be designated in writing and may be modified in writing to the extent necessary to further the interests of the Parties in this litigation;

    (e)    Any paralegal, secretarial, or clerical personnel regularly employed by any Qualified Person who is working on matters relating to this action;

    (f)    Persons who appear on the face of designated materials marked Confidential, Information as an author, addressee, or recipient thereof; and

    (g)    The Court, if submitted under seal.

7. With respect to all Attorneys' Eyes Only Information, "Qualified Person" shall mean:

    (a)    The attorneys of record identified in Paragraph 6(a) for the Parties in this lawsuit;

    (b)    Experts as referred to in Paragraph 6(b) herein;

    (c)    Third parties specifically retained to assist the attorneys of record or a Party in translating, copying, or computer coding, but only for purposes of translating, copying, or computer coding of Confidential Information and/or Attorneys' Eyes Only Information;

    (d)    Any paralegal, secretarial, or clerical personnel regularly employed by any

|   |   |   |
|---|---|---|
| | | Qualified Person who is working on matters relating to this action; |
| | (e) | Persons who appear on the face of designated materials marked Attorneys' Eyes Only Information as an author, addressee, or recipient thereof; and |
| | (f) | The Court, if submitted under seal. |

8.  All Confidential Information and Attorneys' Eyes Only Information shall be available only to Qualified Persons, shall be retained by them in strictest confidence and shall not be disclosed to any other person or used for any purpose other than this litigation without the prior written consent of the producing party or of the Court with notice given to the producing party along with an opportunity to reply, nor used for any purposes other than in this litigation. All produced Confidential Information and Attorneys' Eyes Only Information shall be carefully maintained so as to preclude access by the officers, employees, and agents of any party or non-party other than those designated under Paragraphs 6 and 7 hereof.

9.  Other than to assist counsel in the preparation associated with this case, all Qualified Persons shall conform strictly with any applicable federal law and laws of the State of California related to the confidentiality of Confidential Information and Attorneys' Eyes Only Information. No such information shall be used for any purpose other than preparation of this litigation and shall be governed by the terms of this Protective Order.

10. Before Confidential Information or Attorneys' Eyes Only Information is disclosed to any Qualified Person under Paragraph 6(b) or Paragraph 7(b), the Party intending to disclose that information shall notify the designating party in writing of the identity, education, and employment history of the prospective recipient. No Confidential Information or Attorneys' Eyes Only Information shall be shown or in any way disclosed to the person so identified until expiration of a ten (10) day period in which the designating party may object to the disclosure. No disclosure shall be made while the designating party objects to the disclosure or until the Court orders otherwise. The Party intending to disclose information to a Qualified Person may move the Court for an order granting access if the designating party objects to the disclosure. The Party opposing disclosure shall have five (5) days from service of such motion to file a

-6-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

reply. The Court shall then make a determination without further briefing, submission, or hearing unless expressly requested by the Court.

11. Each such Qualified Person under Paragraph 6(b) or Paragraph 7(b) to whom Confidential Information and/or Attorneys' Eyes Only Information is to be disclosed, shall be given a copy of this Protective Order and its provisions shall be explained to them by an attorney. Each such person shall, in a written instrument delivered to the opposing attorney prior to such disclosure, agree and acknowledge that he or she is fully familiar with the terms of this Protective Order or any amended or further order as the Court may enter in furtherance of this Protective Order and agrees to comply with and be bound by such Protective Order, and by any further order of the Court. Such written assurance shall be in the following form:

### WRITTEN ASSURANCE

_____, states:

I reside at _____ in the city of _____, county of _____, state of _____;

I have read the Protective Order dated _____ and am acting on behalf of _____ in the preparation and conduct of, Civil Action No. 3:05-cv-04074 SI (United States District Court for the Northern District of California, San Francisco Division).

I am fully familiar with, understand and agree to comply with and be bound by the provisions of this Protective Order and by the jurisdiction of this Court with respect to issues arising under this Protective Order; and

I will not divulge any designated Confidential Information, Attorneys' Eyes Only Information or material obtained pursuant to said Protective Order, and will not copy or use such information or material except solely for the purposes of my involvement in this Civil Action. However, it is understood that the restrictions set forth in the above Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, not in violation of this Protective Order; or (b) is lawfully acquired from a third party lawfully

-7-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

possessing such information and/or having no confidentiality obligation with regard to its disclosure or use.

DATED:_____

[Signature]

12. In the event the attorney of record for a Party desires that a particular protected document be disclosed to anyone other than a Qualified Person, the Parties, through their attorneys of record, shall meet and attempt to resolve the matter. If no agreement can be reached, the matter shall be referred to the Court for disposition. If an agreement is reached, or the Court decides that the document shall be disclosed, the person to whom disclosure is to be made shall give the "Written Assurance" set forth in Paragraph 11. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. Each party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation, and of the correct designation.

14. Without written permission from the Designating Party or pursuant to the procedures identified in Civil Local Rule 79-5 and/or the Court's then current standing order for the filing of materials under seal, a Party may not file in the public record in this action any Protected Material. All documents of any nature that are filed with the Court for any purpose and that contain Confidential Information and/or Attorneys' Eyes Only Information shall be filed

-8-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

in sealed envelopes or other sealed containers that are marked with the caption of the action, that identify each document and thing there within, and that bear a statement substantially in the following form:

**CONFIDENTIAL – DOCUMENT SUBMITTED UNDER SEAL**

"This envelope contains confidential information of _____ (name of party or non-party) and subject to Court order is not to be opened nor the contents thereof displayed, revealed, or used except by order of the Court upon notice to the entity identified above, or by agreement of the entity identified above."

15. Confidential Information and Attorneys' Eyes Only Information may be used in the course of any deposition of current employees or agents of the Party or non-party designating such Confidential Information and Attorneys' Eyes Only Information or with any witness who appears on the face of a document to have been a recipient of the Confidential or Attorneys' Eyes Only Information. Confidential Information and Attorneys' Eyes Only Information may also be used in any other deposition with the consent of the Party or non-party producing such Confidential Information and/or Attorneys' Eyes Only Information. Such consent shall constitute no waiver of the confidential designation of the information so used.

16. Aside from deponents, professional translators, and stenographic reporters serving the attorneys of record, only Qualified Persons will be allowed to attend confidential portions of depositions and then only as to portions of the deposition involving confidential information they are otherwise entitled to receive under the terms of this Order.

17. When a Party wishes to designate as Confidential Information or Attorneys' Eyes Only Information materials produced by someone other than the designating party, including a Party or non-party, such designation shall be made:

17.(a) Within 25 days from the date that the designating party receives copies of the materials from the producing or disclosing party or non-party; and

17.(b) By notice to all Parties to this action, and to the non-party if applicable, producing the documents, identifying the materials to be designated with particularity (either by production number or by providing other adequate identification of the specific material). Such

-9-

notice shall be sent by facsimile and regular mail;

    17.(c) Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

    17.(c)1. Make no further disclosure of such designated materials or information contained therein, except as allowed in this Stipulated Protective Order;

    17.(c)2. Take reasonable steps to notify any persons known to have possession of or access to such designated materials of the effect of such designation under this Stipulated Protective Order; and

    17.(d)3. Take reasonable steps to reclaim or prevent access to such designated material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

    18. Depositions or portions thereof that contain Confidential Information and/or Attorneys' Eyes Only Information shall be separately bound in a confidential volume, marked "Confidential" and/or "Attorneys' Eyes Only" in accordance with Paragraphs 3 and/or 4 hereinabove, and shall, if required, be separately filed as provided in Paragraph 14 above so as to distinguish such Confidential and/or Attorneys' Eyes Only deposition or Confidential and/or Attorneys' Eyes Only portions thereof from non-confidential, public depositions or public portions thereof. Confidential depositions or confidential portions thereof shall be fully subject to the relevant provisions of this Protective Order. At any deposition session, when counsel for a Party deems that a question and/or the answer to a question will result in the disclosure of Confidential Information and/or Attorneys' Eyes Only Information, counsel may designate as "Confidential" or "Attorneys' Eyes Only" the portion of the transcript containing such question or answer. Where appropriate in light of the amount of Confidential Information and Attorneys' Eyes Only Information likely to be disclosed at a given deposition, outside counsel for the Parties may agree that the entire transcript shall be designated Confidential and/or Attorneys' Eyes Only subject to review of the transcript and withdrawal of any unnecessary Confidential or Attorneys' Eyes Only designation or modification between designations of Confidential and

-10-

Attorneys' Eyes Only within 30 days of receipt of the transcript.

19. All complete or partial copies of Confidential Information and Attorneys' Eyes Only Information shall also be deemed subject to the terms of this Stipulated Protective Order.

20. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of designated material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any designated material, except as permitted by this Stipulated Protective Order.

21. Nothing in this Protective Order constitutes a finding that any of the information disclosed or contained in the designated document and things is or is not confidential or proprietary, and nothing herein shall prevent the Parties from contending, during the progress of this lawsuit, and upon notice to opposing counsel, that any or all of such information is not confidential or proprietary, or that such information was not publicly or commercially used. Grounds for such contention may include without limitation that such information is or was publicly known at or prior to disclosure thereof in this action, that such information, after disclosure thereof, has become public knowledge as a result of lawful publication by an independent source who obtained the information lawfully, that such information was previously known by the receiving party or that such information was later obtained in good faith by the receiving party from an independent source who obtained the information lawfully.

22. This Protective Order shall be without prejudice to the right of the Parties to oppose production of any information for lack of timeliness or relevance or materiality, or as a privileged communication, or as work product of counsel, as irrelevant, or as not calculated to lead to the discovery of admissible evidence, or upon any other ground.

23. Neither the provisions of this Stipulated Protective Order, the designation of any material as Confidential or Attorneys' Eyes Only, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior to trial, the

-11-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

Parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with designated material at trial.

24. On final determination of this action, each Party or other person subject to the terms hereof shall destroy or assemble and return to the producing party all originally produced materials, documents and things constituting Confidential Information and Attorneys' Eyes Only Information and all copies thereof, and shall collect and destroy all summaries, and abstracts thereof and all other materials, memoranda or documents constituting or containing Confidential Information and Attorneys' Eyes Only Information; providing, however, counsel of record may retain one copy of any such item, which shall remain subject to this Protective Order. Further, upon final determination of this action, experts or consultants may retain one copy of any expert report or statement they have prepared. Within thirty (30) days of the final determination of this action, each Party shall notify the producing party in writing that all such materials, documents, and things have either been destroyed or returned to the producing party.

25. If any Party objects to a designation of Confidential or Attorneys' Eyes Only, that Party may request the designating party to rescind the designation (or portion thereof). If the Parties do not agree to rescind the designation then, in response to a written request particularly identifying specific documents, the producing party shall identify portions of the specified documents that are considered to reflect "Confidential Information" or "Attorneys' Eyes Only Information;" the Party that desires that the particular documents be disclosed to someone other than a Qualified Person may then redact the identified portions and produce the redacted document to someone other than a Qualified Person. If the request to rescind is denied and the Parties are unable to agree on the identification of Confidential or Attorneys' Eyes Only portions, the Party seeking to make the disclosure may move the Court for an order declaring that the information is not Confidential Information or Attorneys' Eyes Only Information protected by this Protective Order. The burden of proof shall be with the Party seeking to maintain a confidentiality designation over disputed information. Any information designated as Confidential or Attorneys' Eyes Only shall be treated as such until order of the Court to the

-12-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

contrary.

26. Any Party for good cause may apply to the Court for a modification of this Protective Order.

27. In the event any Party or third party mistakenly discloses material or information that is privileged (*i.e.*, subject to the attorney-client privilege, joint-defense privilege, or the attorney work product immunity), whether embodied in documents, things, deposition testimony, interrogatory answers, or other materials, the inadvertently disclosed material or information shall be promptly returned to the disclosing party upon written request. In the event that there is a dispute as to whether certain information or material is privileged, the Party seeking to have the material returned may move for an order declaring that the information or material is privileged, without regard to its inadvertent disclosure. In the event the Court determines the information or material is privileged, then the Party or Parties in possession of the privileged information or material shall return the information or material to the disclosing party as soon as practicable.

28. In the event any Party or third party inadvertently discloses material or information without a designation that was intended to be designated as Confidential or Attorneys' Eyes Only, whether embodied in documents, things, deposition testimony, interrogatory answers, or other materials, the inadvertently disclosed material or information shall be promptly returned to the disclosing party upon written request made promptly after the error is discovered. The disclosing party will then have fifteen (15) days to provide properly designated versions of the disclosed material or information. If a recipient of the inadvertently disclosed material or information has provided a copy of the material or information to someone other than a Qualified Person as defined herein, such a recipient shall verify that all such provided copies are returned or destroyed within seven (7) days of the written request and that the non-Qualified Person has not retained a copy of the material or information in any tangible form.

29. All Parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The Parties agree to meet and confer prior to seeking to

-13-

modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all Parties and/or order of the Court.

30. The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

**READ AND APPROVED:**

Morrison & Foerster LLP


By:  /s/ Anders T. Aannestad                      Dated: February 24, 2006
       Anders T. Aannestad
       Attorneys for General Atomics,
       Diazyme Laboratories
       Division and Carolina Liquid
       Chemistries Corporation


Voss, Cook & Thel LLP


By:  /s/ Paul C. Nyquist                          Dated: February 24, 2006
       Paul C. Nyquist
       Attorneys for Axis-Shield ASA

**ORDER**

SO ORDERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

-14-

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 3:05-cv-04074 SI
sd-303199

**General Order 45 Attestation**

I, Anders T. Aannestad, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, X.B., I hereby attest that Paul C. Nyquist has concurred in this filing.

                                                         /s/ Anders T. Aannestad
                                                          Anders T. Aannestad