United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ATOMICS, DIAZYME LABORATORIES DIVISION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AXIS-SHIELD ASA,<br><br>　　　　　Defendant. | No. C 05-04074 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** |

Now before the Court is defendant's motion to amend its preliminary infringement contentions. Having carefully considered the papers submitted, and for good cause appearing, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

Plaintiff General Atomics filed this action on October 11, 2005, seeking a declaratory judgment that its products did not infringe four patents owned by defendant Axis-Shield. On March 3, 2006, Axis Shield served its preliminary infringement contentions in accordance with the local rules. Six weeks later, General Atomics filed a motion for summary judgment of noninfringement as to one of its products. The Court held a hearing on General Atomics' motion on June 2, 2006. After the hearing but before the Court had ruled on General Atomics' motion, Axis Shield moved to amend its preliminary infringement contentions. It sought to raise a new basis for its argument that the product that was the subject of General Atomics' summary judgment motion infringed its patents. General Atomics opposes Axis Shield's motion, claiming that Axis Shield has not shown the requisite "good cause" to amend its

preliminary infringement contentions. The Court finds that Axis Shield has adequately demonstrated good cause to amend its preliminary infringement contentions, and therefore GRANTS defendant's motion.

## LEGAL STANDARD

The Patent Local Rules provide that a party's preliminary infringement contentions "shall be deemed that party's final contentions." Patent Local Rule 3-6. Where the party asserting patent infringement seeks to change its preliminary infringement contentions, the local rules provide only two mechanisms for doing so. First, that party may amend its preliminary infringement contentions without leave of court when "the Court's Claim Construction Ruling . . . so requires." Patent Local Rule 3-6(a). Second, the party can seek leave of court to amend where it can show "good cause." Patent Local Rule 3-7.

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). Thus, the rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.*

## DISCUSSION

Axis Shield seeks to amend its preliminary infringement contentions under both Patent Local Rule 3-6(a) and Patent Local Rule 3-7. Because the Court finds that Axis Shield is entitled to amend under Rule 3-7, it does not address whether Rule 3-6(a) applies.

As discussed above, Patent Local Rule 3-7 allows a party to amend its preliminary infringement contentions upon a showing of "good cause." Axis Shield argues that it has met this requirement because it did not conceive of the infringement theory it seeks to add until the parties exchanged preliminary claim construction statements. Because this case is still relatively young, the Court finds that Axis Shield has demonstrated good cause. Indeed, Axis Shield first notified the Court of its intent to amend its preliminary infringement contentions on June 17, 2006, before claim construction and only

three months after it first served its preliminary infringement contentions. Because of the relatively short amount of time that has passed since Axis Shield served its preliminary infringement contentions, the Court believes that Axis Shield should be allowed to amend.

Defendant points the Court to a number of cases from this district that rejected similar claims of good cause. *See Berger v. Rossignol Ski Co.*, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006); *Atmel Corp. v. Info. Storage Devices Inc.*, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998). Those cases, however, either involved far more dilatory conduct on the patent owner's part, or were much further developed than this case at the time the patent owner moved to amend. *See Berger*, 2006 WL 1095914, at *1-2 (plaintiff's preliminary infringement contentions were five weeks late and were incomplete, and plaintiff failed to inform the court of the errors in its preliminary infringement contentions in a timely fashion); *Atmel*, 1998 WL 775115, at *2 (plaintiff's motion filed after claim construction had completed and well over one year after preliminary infringement contentions were served). In contrast to the above cases, this case had existed for only eight months before Axis Shield filed its motion to amend. While the Court recognizes that the Patent Local Rules are intended to force patent owners to finalize their contentions early, preliminary infringement contentions are still preliminary. Some room must therefore be made for patent owners to perfect their infringement theories.

In addition to arguing that Axis Shield's motion is untimely, General Atomics raises two additional reasons why Axis Shield's motion should be denied. First, General Atomics argues that it will be prejudiced by any amendment because it has already filed a summary judgment motion. While it is true that General Atomics has incurred the substantial expense of a summary judgment motion, it is also true that its motion for summary judgment was brought very early in the case, even before claim construction had occurred. Thus, any prejudice General Atomics suffers is also partially attributable to its own choice to bring a motion for summary judgment before Axis Shield's preliminary infringement contentions had been finalized.

General Atomics also argues that Axis Shield's motion should be denied because the new theory of infringement set forth in Axis Shield's proposed amendment is futile. The Court cannot agree that Axis Shield's new theory of infringement can be disposed of so easily. Rather, the Court finds that the theory raises factual issues that are best addressed on summary judgment.

3

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to amend its preliminary infringement contentions (Docket No. 72).

**IT IS SO ORDERED.**

Dated: August 7, 2006

SUSAN ILLSTON
United States District Judge